IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Linda Rademacher, | ) | Civil Action No. 2:16-2557-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Thomas Built Buses, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's motion to amend the complaint and to remand
to state court. For the reasons set forth below, the Court grants the motion.

**I.    Background**

Plaintiff was a school bus driver. On March 27, 2013, she was driving a school bus
manufactured by Defendant when a drunk driver caused another vehicle to collide with the school
bus. Plaintiff alleges she struck her head on the steering wheel during the collision because of a
defect in the driver's seatbelt. Plaintiff filed suit in the Charleston County Court of Common Pleas
on March 25, 2016, and Defendant removed to this Court based on diversity jurisdiction.
Discovery is now complete. Plaintiff asserts that through discovery she learned that the South
Carolina Department of Education had replaced the originally installed seatbelt with a replacement
seatbelt sold by non-party Shield Restraint Systems to Daimler Trucks North America, the parent
corporation of Defendant, which through authorized dealer Interstate Transportation Equipment
provided the replacement seatbelt to the Department of Education, which installed the seatbelt,
without involving Defendant. Plaintiff moves to amend the complaint to name Shield Restraint
Systems, Interstate Transportation Equipment, and Daimler Trucks North America as Defendants
and to dismiss Thomas Built Buses as a Defendant. Defendant opposes the motion.

Because Interstate Transportation Equipment is a South Carolina company, its joinder would destroy complete diversity and deprive the Court of subject-matter jurisdiction. Plaintiff therefore additionally moves to remand this matter to the Charleston County Court of Common Pleas.

## II.   Discussion

"When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e), which provides the district court with two options: 'If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.' These are the only two options for a district court faced with a post-removal attempt to join a nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case." *Mayes v. Rapoport*, 198 F.3d 457, 461–62 (4th Cir. 1999) (footnotes omitted). "Under Section 1447(e), the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court; thus, this decision is not controlled by a Rule 19 analysis." Id. at 462. "In exercising its discretion under Section 1447(e), the district court" considers: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* To the extent § 1447(e) conflicts with Rule 15 of the Federal Rules of Civil Procedure, § 1447(e) controls. *See id.* at 462 n.11.

All *Mayes* factors weigh in favor of permitting the proposed amendment in this case. First, it does not appear—and Defendant does not assert—that the purpose of the amendment is to defeat federal jurisdiction. It is reasonable to join the merchant who sold the allegedly defective seatbelt

to the end user. Second, Plaintiff's motion is not dilatory. Defendant represents it informed Plaintiff that the seatbelt at issue was a replacement seatbelt in January 2017, but Plaintiff represents (and Defendant does not dispute) that Defendant did not produce documents showing it was not the source of the replacement seatbelt until August 25, 2017. Plaintiff then engaged in third-party discovery to identify the source of the replacement seatbelt, and moved to amend in a reasonable time thereafter. Third, Plaintiff will be severely injured if the amendment is not allowed. Indeed, failure to permit the amendment would be a dismissal of Plaintiff's claims, as Plaintiff admits the only currently named Defendant was not involved in the alleged tort. Third, the equities favor amendment. It would be inequitable to bar a product liability claim simply because the plaintiff learned through discovery that the product at issue was actually supplied by the defendant's parent company.

Defendant argues the proposed amended complaint is futile. Defendant's argument misapprehends the controlling legal standard. Futility is not in itself a part of the § 1447(e) analysis. The Court does not conduct a merits analysis for claims over which it lacks subject-matter jurisdiction. Instead, the Court looks to the fraudulent joinder standard,[1] which applies where "there is no possibility that the plaintiff would be able to establish a cause of action against the instate defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal quotation marks omitted). If the amended complaint inarguably fails to state a claim against the nondiverse proposed defendant, that would weigh with dispositional weight when

---

[1] The doctrine of fraudulent joinder does not directly apply after removal, but the Fourth Circuit has held fraudulent joinder "should be a factor—and perhaps the dispositive factor—that the court considers in deciding whether a plaintiff may join a nondiverse defendant." *Mayes*, 198 F.3d at 463.

considering whether the proposed amendment is to defeat jurisdiction, whether denial of the amendment would injure the plaintiff, or when considering the equities.

Here, the Court cannot find that "there is no possibility" that Plaintiff would be able to state a product defect claim against the merchant who sold the allegedly defective product. Defendant itself does not make that assertion. Instead, Defendant raises summary judgment arguments that rely on evidence obtained in discovery. Defendant argues Plaintiff cannot show the seatbelt was in substantially similar condition on the date of the accident as when it left the hands of the proposed new defendants. Defendant also argues Plaintiff assumed the risk of her injuries because she used the seatbelt despite actual knowledge of its defect. Both arguments rely on deposition testimony taken during discovery. Summary judgment arguments based on record evidence should be addressed by a court with jurisdiction over the subject-matter ruling on the merits.

## III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to amend the complaint and to remand to state court (Dkt. No. 39).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 14, 2017
Charleston, South Carolina

-4-